## WALSH Admrx v ADAMS et

Ohio Appeals, 9th Dist, Summit Co

No 2020. Decided Jan 15, 1932

Doolittle, Foust & Holden, Akron, for plaintiff in error and defendants in error A. F. Adams, E. M. Croop, C. L. Wilcox, A. L. Hyde, E. L. Smith and A. F. Adams, Tee. Lloyd R. Read, Akron, for defendants in error M. R. Read and A. E. Ranney.

PER CURIAM

By the terms of said substituted agreement, it is expressly stated that $3500 had been paid by said purchasers upon the principal sum due under said original contract, and that there remained a balance due of $12,500, which the purchasers agreed to pay in equal monthly installments of $75 each, including 6% interest per annum figured monthly, until the entire amount was paid, and that said payments are to be substitutes for the payments provided in the original contract. It further shows that, on Dec. 20, 1921, the parties had agreed upon a subdivision of said property; that a map thereof had been made, and that the land was to be known as the Water Works Park subdivision; that certain streets shown upon said map had been made and dedicated; that the city of Cuyahoga Falls, within the limits of which said property was located, had, by resolution of its council, accepted said map with its streets, and that acceptance had been attested by the mayor and clerk of said city; and that said map included all the property purchased by said defendants and a parcel reserved by said decedent and designated as Block A upon said map, and that that part purchased by said defendants had been divided into 125 lots, numbered consecutively from 1 to 125, inclusive.

The signing of said map by the vendor was accepted by the vendees as a full compliance on the part of the vendor with the requirements of the original contract in reference to a map, and this is the map that the parties to said substituted contract agreed should be filed or withheld from filing at the option of said purchasers, and there is no provision in said substituted contract for making another plat.

It is therefore apparent that the substituted agreement superseded the original agreement, and that it contains express provisions for the release of said lots whether the plat is recorded or not, and if said plat was not recorded by said purchasers, then and in that event, upon the request of said purchasers, the vendor should deed the property to said purchasers, not by a description in accordance with the plat or as set forth in the original agreement, but in accordance with the new description set forth in said substituted agreement, and that then the purchasers would give unto said vendor a first mortgage upon the prop-

erty conveyed to secure the unpaid balance at the time of said conveyance, and that the mortgage should contain a defeasance clause as stipulated in the substituted agreement—to wit, that said mortgage should be payable at the rate of $75 per month, on the 13th day of each month, which monthly payment should include interest at the rate of 6% per annum, figured monthly, until the entire amount is paid in full, with the provision that the purchasers may at any time, at their own option, make additional payments on the principal due under said mortgage, and that the same shall be applied upon the unpaid balance due thereon, and that said mortgage should contain a release clause for lots sold, as the lots are shown upon said agreed map, as is provided in said substituted agreement.

This, it seems to us, is the clear meaning of this substituted contract, and we hold that the trial court committed prejudicial error in making a contract for the parties different from that as shown by their written agreement, and then ordering the contract thus made to be carried out by judicial decree.

The judgment of the trial court is therefore reversed, and the cause remanded for further proceedings as provided by law.

PARDEE, PJ, WASHBURN, J and FUNK, J, concur.